IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNA BRUHN,

        Plaintiff,

v.                                                                                     CIV 09-0237 BB/GBW

DOUGLAS MIX et al.,

        Defendants.

## ORDER

This matter came before the Court on Defendants' Motion to Strike Plaintiff's Expert Witness, filed December 22, 2009, and Plaintiff's Motion for Extension of Time to Complete Discovery. *Doc. 64, Doc. 65, Doc. 66, Doc. 70.*[1] On February 1, 2010, the Court heard argument from counsel on these motions. *Doc. 71.* After consideration of the attorneys' oral arguments, the briefs and the record as a whole, the court finds that Defendants' Motion should be granted in part and denied in part, and Plaintiff's Motion should be denied.

This case was removed to federal court in March 2009. *Doc. 1, 3.* In April 2009, this Court entered the original order setting discovery deadlines. *Doc. 12, 13, 14, 15.* That

---

[1] Defendants' Motion is fully briefed with a Response and a Reply. Defendants have waived, and this court has excused, the filing of a response to Plaintiff's Motion based upon the complete discussion of the issue at the hearing on these issues.

1

Order directed that discovery must be completed by September 28, 2009 and that the plaintiff "shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and provide expert reports pursuant to FED. R. CIV. P. 26(a)(2)(B) no later than July 28, 2009." *Doc. 13* at 2. On September 12, 2009, or 16 days before the close of discovery, plaintiff substituted Mr. Chisholm for her original counsel. *Doc. 48, 49.* Given the late entry of Mr. Chisholm and the lack of any objection from Defendants, this Court granted a Motion to Extend Deadlines. *Doc. 55, 56.* Pursuant to the Amended Scheduling Order, this Court directed that discovery be completed by January 28, 2010 and that the plaintiff "shall identify to all parties in writing any expert witness to be used by Plaintiff(s) at trial and provide expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) no later than November 16, 2009." *Doc. 56* at 2.

On November 16, 2009, the last day permitted for disclosure of Plaintiff's experts and expert reports, Plaintiff disclosed to Defendants that she intended to call Dr. Saltzman as an expert stating:

> Dr. Saltzman will testify on causation and the pathology of a C5-C6 injury. The documents he will base his opinion on are in the enclosed binder. The copies of previous MRIs are enclosed and the current MRI from November 12 is on the enclosed disc. Dr. Saltzman's report will be forth coming as will the evaluation of the November 12, MRI. Dr. Saltzman will determine two impairment ratings for Ms. Bruhn: one before the operation and one after the operation.

*Doc. 72, Ex. A; see also Doc. 62 (*Certificate of Service showing date of service). Along with this notification, Plaintiff disclosed Dr. Saltzman's curriculum vitae. *Id.* Plaintiff did not

provide any expert report as required by Rule 26(a)(2)(B) and by this Court's order. This failure to provide the expert report is unsurprising because it was not until December 17, 2009, that Plaintiff was evaluated by Dr. Saltzman. *Doc. 72, Ex. B.* On or about January 8, 2010, approximately 8 weeks overdue, two reports from Dr. Saltzman were disclosed to Defendants.[2] *Doc. 65* at 3.

Due to Plaintiff's failure to meet the discovery deadlines, Defendants move the Court to "strike Plaintiff's expert Dr. Peter Saltzman and prohibit Dr. Saltzman from testifying at the trial of this matter." *Doc. 64* at 1.

Plaintiff's excuses for failing to meet the deadline for expert disclosure are insufficient. First, Plaintiff argues that Rule 26 permits supplementation "where prior information is incomplete or incorrect, and if additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Doc. 65* at 2. The Court agrees that plaintiffs "possess a duty under Rule 26(e)(1) to provide corrective information to their experts' reports and deposition testimony, and it acknowledges that the rule requires such information to be produced at least thirty days before trial. *See* FED.R.CIV.P. 26(e)(1) (referencing time provisions of Rule 26(a)(3)). Rule 26 does not, however, bestow upon litigants unfettered freedom to rely on supplements produced after a court-imposed deadline, even if the rule's pretrial time limit is satisfied.

---

[2] Aside from their delinquency, Defendants do not contend that these reports are deficient under Rule 26(a)(2)(B).

3

In short, Rule 26 imposes a duty on Plaintiffs; it grants them no right to produce information in a belated fashion." *Reid v. Lockheed Martin Aeronautics Co.,* 205 F.R.D. 655, 662 (N.D.Ga. 2001). Second, Plaintiff states that, for a variety of reasons, she has had difficulty scheduling an appointment with an appropriate expert. *Doc. 65* at 2-4. However, this Court finds that these scheduling issues were a direct result of counsel's failure to expeditiously schedule the requisite medical evaluations. For example, counsel claims that he originally intended to have Plaintiff evaluated by Dr. Diskant, but "it turned out Dr. Diskant was first missing and then found dead in New York City." *Id.* at 2. However, as discussed at the hearing in this matter, Dr. Diskant had been missing since July 2009, or before counsel entered this case. *Doc. 66, Ex. A.* While counsel may not have been aware until much later of Dr. Diskant 's disappearance, it is apparent that counsel waited far too long to attempt to schedule Plaintiff's evaluation. Moreover, counsel could have sought an extension for his expert disclosures instead of simply ignoring the deadlines imposed by the Court.

Given this Court's conclusion that Plaintiff has failed to timely disclose Dr. Saltzman's reports, the question becomes one of an appropriate sanction. Under Rule 37(c), this court may (a) disallow use of Dr. Saltzman as a witness, (b) order payment of the reasonable expenses, including attorney's fees, cause by the failure, (c) inform the jury of the party's failure, and (d) impose other appropriate sanctions. *See* FED.R.CIV.P. 37(c)(1). Defendants ask for the most severe penalty – the exclusion of Dr. Saltzman's testimony.

4

Defendants have failed to point to sufficient prejudice such that this sanction would be appropriate. A number of facts support the selection of a less severe sanction: (1) Plaintiff disclosed at least the identity of her expert and the subject on which the expert would testify before the deadline; (2) Dr. Saltzman's expert report was provided to Defendants prior to the close of discovery; and (3) while counsel was primarily responsible for the delinquency, the difficulty in obtaining medical experts somewhat close to Plaintiff's location played a role as well.

While the court agrees that parties should be able to rely on the enforcement of court deadlines, the primary prejudice suffered by Defendants relates to the cost of additional discovery which may be required in response to Dr. Saltzman's report and likely deposition. A secondary prejudice is the fact that Defendants are prohibited by the discovery deadlines from identifying expert(s) to counter Dr. Saltzman's opinions. These prejudices can be dealt with through cost-shifting and amendment of deadlines.

Therefore, Defendants' request that Dr. Saltzman be prohibited from testifying shall be denied. Subject to applicable evidentiary rulings at trial, Dr. Saltzman will be permitted to testify on the topics described in Plaintiff's Expert Witness List. However, Plaintiff will be required to pay certain costs as described below.

First, Plaintiff shall pay the reasonable expenses and attorney's fees[3] incurred by

---

[3] In each circumstance herein where this Court has ordered Plaintiff's payment of Defendants' attorney's fees, Defendants' counsel shall file an affidavit with sufficient information to allow the Court to evaluate the reasonableness of the attorney's fees

Defendants in preparing the Motion to Strike and their Reply.

Second, Plaintiff shall pay the costs associated with Defendants' deposition of Dr. Saltzman. These costs include the expenses of the deposition and reasonable attorney's fees (including travel costs).

Third, if Defendants choose to employ an expert to counter Dr. Saltzman's opinion on causation and pathology of the spinal injury, Plaintiff shall pay the reasonable attorney's fees expended in the preparation of the defense's expert disclosures. Moreover, if Plaintiff chooses to depose Defendants' expert, Plaintiff shall pay the reasonable attorney's fees for the defense of the deposition.

Fourth, Plaintiff's discovery violation necessitates the amendment of certain deadlines set forth in the Amended Order Setting Pretrial Deadlines (*Doc. 59*) as follows: (a) Defendant shall be permitted until March 5, 2010 to make its Rule 26(a)(2)(B) expert disclosure for an expert hired to counter Dr. Saltzman's opinions; (b) April 7, 2010 shall be the deadline for Defendants to depose Dr. Saltzman and for Plaintiff to depose Defendants' responsive expert; (c) discovery motions relating to these experts shall be filed with the Court and served on opposing parties by April 21, 2010; (d) pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing parties by May 21, 2010; (e) the consolidated final pretrial order must be submitted by Plaintiff to

---

requested by Defendants. *See White v. General Motors Corp.,* 908 F.2d 675, 684 (10th Cir. 1990).

Defendants on or before July 7, 2010, and from Defendants to Court on or before July 21, 2010; and (f) the trial date will be adjusted by the presiding judge on the basis of these new deadlines.

The Court will now turn to Plaintiff's Motion for Extension of Time to Complete Discovery which also implicates the problem with the late disclosure of Plaintiff's experts. *Doc. 70.* In the Motion, Plaintiff indicates that she wishes to introduce another, as yet unidentified, expert into this case despite the passage of the expert disclosure deadline. *Id.* Plaintiff states that, as a result of Dr. Saltzman's evaluation, she "needs time to find an expert psychiatric witness." *Id.* at 3. Plaintiff does not request a specific extension but instead "moves this court for an extension of discovery deadlines to allow time to find a proper expert witness." *Id.* At the hearing on this matter, Plaintiff's counsel indicated that it would be two months before he could even have Plaintiff evaluated by a psychiatric expert.[4] Given that Defendant would be given a month from that date to disclose a responsive psychiatric expert and the parties would likely require depositions of both new experts, Plaintiff is essentially asking for a delay of no fewer than four months. These four months would be on top of the four month delay already necessitated by the late disclosure of Dr. Saltzman's reports.

---

[4] While Plaintiff has already been evaluated by a psychiatrist, this person was just a friend of counsel evaluating Plaintiff "only as a consulting expert on very short notice" and would not be Plaintiff's expert on this issue. *Doc. 70* at 3. Consequently, this evaluation is of little assistance in moving this case forward.

The responsibility for this delay falls squarely on Plaintiff. Plaintiff's explanation is that, until Dr. Saltzman's evaluation mentioned that Plaintiff was "psychologically traumatized," counsel had no reason to investigate the idea of hiring a psychiatric expert. As an initial matter, this Court concludes that Plaintiff's counsel had a duty to investigate within the appropriate time period any potential area of damages requiring an expert. The nature of Plaintiff's accident presented the real possibility of psychological injury even before Dr. Saltzman mentioned it in his evaluation. Moreover, even assuming Dr. Saltzman's remark was an important triggering moment, that moment came so late as a result of counsel's excessive delay in having Plaintiff evaluated. Simply put, if Plaintiff had been evaluated expeditiously, Plaintiff could have timely obtained a psychological expert or could have asked for an extension prior to the expiration of the deadline.

Therefore, Plaintiff's Motion to Extend Discovery Deadlines shall be denied.

IT IS SO ORDERED.

_____
United States Magistrate Judge